UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LUIS VAZQUEZ,

                      Plaintiff,

              -against-

CITY OF NEW YORK; Correction Officer MARIBEL URENA, Shield No. 8617; Correction Officer TONY MONTAGUE, Shield No. 15760; Correction Officer YVETTE PEREZ, Shield No. 8070; Correction Officer HELEN BENJAMIN-BEAZER, Shield No. 15360; Correction Officer GEORGE CAMAJ, Shield No. 17398; Correction Officer JOSE CRUZ, Shield No. 17078; Correction Officer VICTOR SANTIAGO, Shield No. 7808; Correction Officer PEGGY JOSEPH-SAXTON, Shield No. 10352; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
-------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

15 CV 8270 (ER)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Luis Vazquez ("plaintiff" or "Mr. Vazquez") is a resident of the State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein.

9. At all times relevant hereto, Correction Officer Maribel Urena, Shield No. 8617 ("Urena"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Urena is sued in her individual and official capacities.

10. At all times relevant hereto, Correction Officer Tony Montague, Shield No. 15760 ("Montague"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Montague is sued in his individual and official capacities.

11. At all times relevant hereto, Correction Officer Yvette Perez, Shield No. 8070 ("Perez"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Perez is sued in her individual and official capacities.

12. At all times relevant hereto, Correction Officer Helen Benjamin-Beazer, Shield No. 15360 ("Benjamin-Beazer"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of

defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Benjamin-Beazer is sued in her individual and official capacities.

13. At all times relevant hereto, Correction Officer George Camaj, Shield No. 17398 ("Camaj"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Camaj is sued in his individual and official capacities.

14. At all times relevant hereto, Correction Officer Jose Cruz, Shield No. 17078 ("Cruz"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Cruz is sued in his individual and official capacities.

15. At all times relevant hereto, Correction Officer Victor Santiago, Shield No. 7808 ("Santiago"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Santiago is sued in his individual and official capacities.

16. At all times relevant hereto, Correction Officer Peggy Joseph-Saxton, Shield No. 10352 ("Joseph-Saxton"), was an officer within the DOC and assigned to VCBC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Joseph-Saxton is sued in her individual and official capacities.

17. At all times relevant defendants John and Jane Doe 1 through 10 were correction officers or supervisors employed by the DOC. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

18. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and DOC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

19. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

20. On or about February 9, 2015, Mr. Vazquez was incarcerated in housing area 2CB inside of the Vernon C. Bain Center jail ("VCBC") on Rikers Island.

21. As Mr. Vazquez was inside of the dorm room area of 2CB, another

inmate assaulted him.

22. Upon information and belief, correction officers observed the assault and failed to intervene.

23. As a result of the assault and defendants' failure to intervene, Mr. Vazquez was injured and required medical treatment.

24. Upon information and belief, as a result of the assault on February 9, 2015, Mr. Vazquez was transferred to housing area 3CA inside of VCBC.

25. Unbeknownst to Mr. Vazquez, the inmate that had assaulted him on February 9, 2015, was also transferred into housing area 3CA.

26. Even though the defendants were fully aware that housing Mr. Vazquez with the same inmate that had violently assaulted him only days before would cause plaintiff to face imminent and preventable risk of serious physical injury - and either did or should have issued a separation order keeping plaintiff away from the offending inmate - defendants transferred the inmate into housing area 3CA with plaintiff.

27. At approximately 1:05 p.m. on February 13, 2015, as Mr. Vazquez was in the dayroom of housing area 3CA, the inmate that had assaulted plaintiff on February 9, 2015 approached plaintiff from behind and violently attacked him.

28. Upon information and belief, no correction officer attempted to intervene and stop the assault against Mr. Vazquez even though they were in a

position to do so.

29. Defendants either failed to activate their personal body alarm or did so after an unreasonable delay.

30. As a result of the assault and defendants' failure to intervene, Mr. Vazquez suffered serious injuries including fractures to the right side of his eye and cheek area that required surgical intervention.

31. Plaintiff was taken to a clinic on Rikers Island and, ultimately, Lincoln Medical Center where he underwent surgery.

32. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

33. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

34. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

35. Mr. Vazquez suffered damage as a result of defendants' actions.  Plaintiff suffered emotional distress, mental anguish, fear, significant pain, serious bodily injury and anxiety.

## FIRST CLAIM
### Municipal Liability - *Monell*

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The City of New York, through the DOC, has an unconstitutional policy, practice and/or custom in connection with failing to generate and secure separation orders for inmates involved in assaultive encounters.

38. The City of New York, through the DOC, has an unconstitutional policy, practice and/or custom in connection with failing to implement adequate safeguards to prevent inmates with pending separation orders in place from being housed together.

39. The City of New York, through the DOC, has an unconstitutional policy, practice and/or custom in connection with housing inmates together who have a history of violent encounters – irrespective of the existence of a pending separation order.

40. The City of New York has an unconstitutional policy, practice and/or custom in connection with the management and staffing of its Rikers Island jails, including VCBC.

41. At all relevant times, VCBC was inadequately staffed.

42. At all relevant times, incidents of inmate violence were not accurately or completely reported, and no legitimate effort was made to prevent them.

43. At all relevant times, violent inmates were insufficiently punished.

44. As a consequence of these failures, and the negligent and intentional misconduct described herein, VCBC has had, at all relevant times, a culture of violence.

45. The City of New York is also liable for its deliberate indifference to the consequences of the policy, practice and/or custom, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policy, practice and/or custom.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Negligent Hiring, Training & Retention

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendant City, through the DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

49. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

50. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

51. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Negligent Infliction of Emotional Distress

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By reason of the foregoing, the defendants, acting in their capacities as DOC officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

55. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers.

56. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference

58.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.     The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

60.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

61.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

65.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      May 13, 2016
            New York, New York

                                    HARVIS & FETT LLP

                                    _____
                                    Baree N. Fett
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    bfett@civilrights.nyc

                                    *Attorneys for plaintiff*