UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LUIS VASQUEZ,

                     Plaintiff,

            -against-

CITY OF NEW YORK; Correction Officer MARIBEL URENA, Shield No. 8617; Correction Officer TONY MONTAGUE, Shield No. 15760; Correction Officer YVETTE PEREZ, Shield No. 8070; Correction Officer HELEN BENJAMIN-BEAZER, Shield No. 15360; Correction Officer GEORGE CAMAJ, Shield No. 17398; Correction Officer JOSE CRUZ, Shield No. 17078; Correction Officer VICTOR SANTIAGO, Shield No. 7808; Correction Officer PEGGY JOSEPH-SAXTON, Shield No. 10352; Captain MOISES WALDEN, Shield No. 1674; Assistant Deputy Warden ABDUR MUHAMMAD, Shield No. 1005; Deputy Warden TONYA HAYES, Shield No. 221; Warden CAROLYN SAUNDERS; and JOHN and JANE DOE 7 through 10,

                     Defendants.
------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

15 CV 8270 (ER)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff, Luis Vasquez, is a resident of the State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein.

9. At all times relevant hereto, all individual defendants were correctional staff of varying rank within the DOC and assigned to the Vernon C. Bain Center on Rikers Island ("VCBC").

10. At all relevant times, all individual defendants were acting in the capacity of agent, servant, and employee of defendant City, within the scope of their employment as such, and acting under color of state law. The individual defendants are sued in their individual and official capacities.

11. At all times relevant defendants John and Jane Doe 7 through 10 were correction officers or supervisors employed by the DOC. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 7 through 10.

12. At all times relevant herein, defendants John and Jane Doe 7 through 10 were acting as agents, servants and employees of the City of New York and DOC. Defendants John and Jane Doe 7 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On February 9, 2015, Mr. Vasquez was incarcerated in housing area "2CB" inside of the VCBC jail.

15. On that date, inmates were smoking synthetic marijuana, known as K2, inside 2CB.

16. Upon information and belief, the drug use among inmates in 2CB resulted in multiple fights on that date.

17. Mr. Vasquez, however, was not involved in the use of any drug and was working on that date as an informal member of the housing area cleaning staff.

18. Mr. Vasquez's cleaning work was interrupted when he was summoned by defendant Perez and ordered to disperse a group of inmates smoking K2.

19. Mr. Vasquez complied and approached the group, demanding on behalf of the correctional staff that, in sum and substance, they stop smoking.

20. One of the inmates, Elwood Patterson, apparently took issue with plaintiff for acting on behalf of correctional staff and proceeded to assault Mr. Vasquez in the presence of defendant Perez.

21. Perez herself separated Patterson from Mr. Vasquez.

22. In the assault, Mr. Vasquez sustained a laceration to his face.

23. Desperate to avoid scrutiny of her mismanagement of the housing area,

defendant Perez at first told plaintiff to continue cleaning, acting for a time as though nothing had happened.

24. Once it became clear that Mr. Vasquez's eye injury would require medical attention, defendant Perez commenced to falsify official paperwork in a purposeful effort to have the event officially miscategorized as an accident.

25. Perez coerced plaintiff to prepare a fabricated statement describing the incident as an accident.

26. Consistent with the scheme, no statement was taken from Patterson.

27. Mr. Vasquez was taken to the clinic and then to Bellevue Hospital Center for treatment of his injury.

28. Upon his return, Mr. Vasquez was inexplicably transferred to a new housing area within VCBC, "3CA."

29. As a direct result of the defendants' scheme to misclassify the February 9th assault of Mr. Vasquez, no separation order was issued at that time to prevent Mr. Patterson from being housed alongside plaintiff in the future.

30. The defendants' misconduct resulted in the worst possible outcome for Mr. Vasquez when the lack of a separation order allowed Patterson to be transferred into 3CA on February 13, 2015.

31. As soon as he arrived, Patterson set upon and attacked Mr. Vasquez

knocking him to the ground and fracturing the bones of his face.

32. As a result of the injuries sustained in the February 13th incident Mr. Vasquez was admitted to Lincoln Hospital and diagnosed with, *inter alia*, comminuted fractures of the walls of his right maxillary sinus and both nasal bones, along with orbital fractures.

33. Mr. Vasquez underwent surgery involving the insertion of metal plates in his face and continues to suffer ongoing consequences including pain, discomfort and permanent numbness as a result of the injury.

34. Meanwhile, the "investigation" into the February 9th incident was only beginning.

35. As a result of the false classification of the February 9th incident, only a single investigative document was prepared in connection with it.

36. That document, an injury to inmate report, reflects efforts by defendants up the chain of command -- including Captain Walden, Assistant Deputy Warden Muhammad, Deputy Warden Hayes and Warden Saunders -- to avoid liability for an event they knew to have been falsely reported by subordinate DOC staff.

37. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

38. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

39. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

40. Mr. Vasquez suffered damage as a result of defendants' actions. Plaintiff suffered, *inter alia*, emotional distress, mental anguish, fear, significant pain, serious bodily injury and anxiety.

## FIRST CLAIM
### Municipal Liability – *Monell*; Supervisory Liability

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The City of New York, through the DOC, has an unconstitutional policy, practice and/or custom in connection with failing to generate and secure separation orders for inmates involved in assaultive encounters.

43. The City of New York, through the DOC, has an unconstitutional policy, practice and/or custom in connection with failing to implement adequate safeguards to prevent officers from purposefully miscategorizing inmate injuries to avoid investigation and potential discipline.

44. The supervisory defendants – Captain Walden, Assistant Deputy Warden Muhammad, Deputy Warden Hayes and Warden Saunders – after being informed of suspicious aspects of the February 9th incident, failed to take corrective action or to properly supervise their subordinates.

45. The supervisory defendants are responsible for the violent and lawless environment that facilitated the underlying assaults and the officer misconduct in this case.

46. The supervisory defendants were at least grossly negligent in supervising Perez and the officers directly involved in the conspiracy.

47. The supervisory defendants' failure to act amounts to deliberate indifference to Mr. Vasquez's rights based on the inconsistent evidence in the officers' official account.

48. The City of New York has an unconstitutional policy, practice and/or custom in connection with the management and staffing of its Rikers Island jails, including VCBC.

49. At all relevant times, incidents of inmate violence were not accurately or completely reported, and no legitimate effort was made to prevent them.

50. As a consequence of these failures, and the negligent and intentional misconduct described herein, VCBC has had, at all relevant times, a culture of violence.

51. The City of New York is also liable for its deliberate indifference to the consequences of the policy, practice and/or custom, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policy, practice and/or custom.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Negligence; Negligent Hiring, Training & Retention

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Defendant City, through the DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

55. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

56. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

57. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Negligent Infliction of Emotional Distress

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By reason of the foregoing, the defendants, acting in their capacities as DOC officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

61. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers.

62. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. The individual defendants were aware of a risk to plaintiff's safety and failed to act in deliberate indifference to plaintiff's needs.

66. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's safety.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure to Intervene

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: August 26, 2016
New York, New York

HARVIS & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*