UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LUIS VASQUEZ,

         Plaintiff,

    -against-

CITY OF NEW YORK; Correction Officer MARIBEL URENA, Shield No. 8617; Correction Officer TONY MONTAGUE, Shield No. 15760; Correction Officer YVETTE PEREZ, Shield No. 8070; Correction Officer HELEN BENJAMIN-BEAZER, Shield No. 15360; Correction Officer GEORGE CAMAJ, Shield No. 17398; Correction Officer JOSE CRUZ, Shield No. 17078; Correction Officer VICTOR SANTIAGO, Shield No. 7808; Captain MOISES WALDEN, Shield No. 1674; Assistant Deputy Warden ABDUR MUHAMMAD, Shield No. 1005; Deputy Warden TONYA HAYES, Shield No. 221; Warden CAROLYN SAUNDERS; and JOHN and JANE DOE 7 through 10,

         Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE SECOND AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, YVETTE PEREZ, HELEN BENJAMIN-BEAZER, JOSE CRUZ, AND VICTOR SANTIAGO**

15-CV-8270 (ER)

JURY TRIAL DEMANDED

    Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

    1.  Deny the allegations set forth in paragraph "1" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

    2.  Deny the allegations set forth in paragraph "2" of the Second Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the Second Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the Second Amended Complaint, except admit that Plaintiff purports to base venue as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that Plaintiff purports to base supplemental jurisdiction as stated therein.

6.      Paragraph "6" is a demand for a jury, and as such, no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Second Amended Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that the City of New York is a municipal entity organized under the laws of the State of New York and that the City of New York maintains a correction department. Defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Department of Correction ("DOC"), and the duties and functions of the DOC.

9.      Deny the allegations set forth in paragraph "9" of the Second Amended Complaint, except admit that the individually named defendants were employed by the DOC on February 9, 2015 and February 13, 2015.

10.      Paragraph "10" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, to which no response is required. To the extent a response

is required, Defendants deny the allegations, except admit that Plaintiff purports to proceed as stated therein.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Second Amended Complaint.

12.     Paragraph "12" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to proceed as stated therein.

13.     Paragraph "13" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

14.     Deny the allegations set forth in paragraph "14" of the Second Amended Complaint, except admit that Plaintiff was incarcerated in housing area 2CB of the Vernon C. Bain Center ("VCBC") on Rikers Island on February 9, 2015.

15.     Deny the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Second Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Second Amended Complaint, except admit that Plaintiff was assigned cleaning duties on February 9, 2015.

18.     Deny the allegations set forth in paragraph "18" of the Second Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Second Amended Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Second Amended Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that Defendant Perez interacted with Plaintiff and Elwood Patterson on February 9, 2015.

22.     Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that Plaintiff sustained an injury on February 9, 2015.

23.     Deny the allegations set forth in paragraph "23" of the Second Amended Complaint.

24.      Deny the allegations set forth in paragraph "24" of the Second Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Second Amended Complaint, except admit that Plaintiff signed a voluntary statement.

26.     Deny the allegations set forth in paragraph "26" of the Second Amended Complaint, except admit that Patterson did not sign a voluntary statement on February 9, 2015.

27.     Deny the allegations set forth in paragraph "27" of the Second Amended Complaint, except admit that Plaintiff received medical treatment at the clinic and Bellevue Hospital.

28.     Deny the allegations set forth in paragraph "28" of the Second Amended Complaint, except admit that Plaintiff was transferred to housing area 3CA of the VCBC on Rikers Island.

29.     Deny the allegations set forth in paragraph "29" of the Second Amended Complaint, except admit that there was no separation order for Plaintiff when he was transferred to housing area 3CA.

30.     Deny the allegations set forth in paragraph "30" of the Second Amended Complaint, except admit that other inmates were transferred into housing area 3CA of the VCBC.

31.     Deny the allegations set forth in paragraph "31" of the Second Amended Complaint, except admit that Plaintiff was assaulted by another inmate in housing area 3CA of the VCBC on February 13, 2015, causing injuries.

32.     Deny the allegations set forth in paragraph "32" of the Second Amended Complaint, except admit that Plaintiff was transported to the hospital for treatment for his injuries.

33.     Deny the allegations set forth in paragraph "33" of the Second Amended Complaint, except admit that Plaintiff received surgery for his injuries.

34.     Deny the allegations set forth in paragraph "34" of the Second Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Second Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Second Amended Complaint, except admit that Plaintiff served the City with a document purporting to be a Notice of Claim dated March 10, 2015.

38.     Deny the allegations set forth in paragraph "38" of the Second Amended Complaint, except admit that the claims have not been settled or adjusted.

39.     Deny the allegations set forth in paragraph "39" of the Second Amended Complaint, except admit that this action was commenced with the filing of a summons and complaint on or about October 20, 2015.

40.     Deny the allegations set forth in paragraph "40" of the Second Amended Complaint.

41.     In response to the allegations set forth in paragraph "41" of the Second Amended Complaint, Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago repeat and reallege the responses set forth in the foregoing paragraphs.

42.     Deny the allegations set forth in paragraph "42" of the Second Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Second Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Second Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Second Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Second Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Second Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Second Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Second Amended Complaint.

53.     In response to the allegations set forth in paragraph "53" of the Second Amended Complaint, Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago repeat and reallege the responses set forth in the foregoing paragraphs.

54.     Deny the allegations set forth in paragraph "54" of the Second Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Second Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Second Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Second Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.     In response to the allegations set forth in paragraph "59" of the Second Amended Complaint, Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago repeat and reallege the responses set forth in the foregoing paragraphs.

60.     Deny the allegations set forth in paragraph "60" of the Second Amended Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Second Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Second Amended Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Second Amended Complaint.

64.     In response to the allegations set forth in paragraph "64" of the Second Amended Complaint, Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago repeat and reallege the responses set forth in the foregoing paragraphs.

65.     Deny the allegations set forth in paragraph "65" of the Second Amended Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.     In response to the allegations set forth in paragraph "68" of the Second Amended Complaint, Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago repeat and reallege the responses set forth in the foregoing paragraphs.

69.     Deny the allegations set forth in paragraph "69" of the Second Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Second Amended Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

72.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

73.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of Civil Rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

74.     At all times relevant to the acts alleged in the Second Amended Complaint, Defendant City, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  As a result, Defendants are entitled to governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

75.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the proximate result of any acts of Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

76.     To the extent Plaintiff is alleging claims under New York State law, Plaintiff failed to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

77.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

78.     Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

79.     Defendants Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and are therefore protected by qualified immunity.

**WHEREFORE,** Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                September 9, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York*, Yvette
                                        *Perez, Helen Benjamin-Beazer, Jose Cruz, and*
                                        *Victor Santiago*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-3520

                                        By: _____/s/_____
                                                Ariel Lichterman
                                                Assistant Corporation Counsel
                                                Special Federal Litigation Division

cc:     By ECF
        Baree N. Fett, Esq.
        Gabe Harvis, Esq.
        *Attorney for Plaintiff*
        Harvis, Wright & Fett LLP
        305 Broadway, 14th Floor
        New York, NY 10007

15-CV-8270 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS VAZQUEZ,

Plaintiff,

-against-

CITY OF NEW YORK; Correction Officer MARIBEL URENA, Shield No. 8617; Correction Officer TONY MONTAGUE, Shield No. 15760; Correction Officer YVETTE PEREZ, Shield No. 8070; Correction Officer HELEN BENJAMIN-BEAZER, Shield No. 15360; Correction Officer GEORGE CAMAJ, Shield No. 17398; Correction Officer JOSE CRUZ, Shield No. 17078; Correction Officer VICTOR SANTIAGO, Shield No. 7808; Captain MOISES WALDEN, Shield No. 1674; Assistant Deputy Warden ABDUR MUHAMMAD, Shield No. 1005; Deputy Warden TONYA HAYES, Shield No. 221; Warden CAROLYN SAUNDERS; and JOHN and JANE DOE 7 through 10,

Defendants.

**ANSWER TO THE SECOND AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK,  YVETTE PEREZ, HELEN BENJAMIN-BEAZER, JOSE CRUZ, AND VICTOR SANTIAGO**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Yvette Perez, Helen Benjamin-Beazer, Jose Cruz, and Victor Santiago*
*100 Church Street*
*New York, New York  10007*
*Of Counsel: Ariel Lichterman*
*Tel:  (212) 356-3520*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................., 2016*

*......................................................................... Esq.*

*Attorney for ..............................................................*