Ramos, E.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/22/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

LUIS VASQUEZ,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                          Defendants.

**STIPULATION AND PROTECTIVE ORDER CONCERNING THE INSPECTION OF CERTAIN AREAS OF THE N.Y.C. DEPT. OF CORRECTION'S VERNON C. BAIN CENTER**

15 CV 8270 (ER)

-------------------------------------------------------------------------- x

       **WHEREAS**, plaintiff's counsel has requested that the City of New York provide them with access to the New York City Department of Correction's ("D.O.C.") Vernon C. Bain Center ("V.C.B.C."):

- 2CB housing area, including dormitory area(s), shower area(s), bubble(s) and logbooks;

- hallway(s) connecting 2CB and the medical clinic and intake areas;

- VCBC intake, including holding cells;

- VCBC medical clinic, including holding cells;

- location of VCBC Housing and Transfer Logbook;

- kiosks/terminals where inmate transfer orders may be electronically entered within VCBC;

for the purposes of inspecting and photographing the premises, pertaining to the above-referenced case;

**WHEREAS,** because of security concerns, the City of New York deems the photographs and any information or document depicting the Proposed Inspection Area privileged and/or confidential; and

**WHEREAS, the parties believe that** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure memorializing this agreement between the parties;

**WHEREAS,** defense counsel objects to granting plaintiff's counsel access to the Proposed Inspection Area for the purpose of inspecting and taking photographs, unless appropriate measures are undertaken for purposes of confidentiality and security, and plaintiff's counsel agrees to and abides by such measures, as specified in the terms and conditions set forth below; and

**WHEREAS,** defense counsel believes that the taking of photographs may implicate privacy and security concerns, as well as the provisions of HIPAA and other Federal and State laws and regulations governing the confidentiality of medical information which the defendants believe would be harmful to the privacy, governmental and law enforcement interests of the City, its employees, and/or its contractors or sub-contractors; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for plaintiff and defendants, respectively, as follows:

1.      As used herein, "Confidential Materials"[1] means the specific Proposed Inspection Area; the photographs, negatives or digital camera files, print images, sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the visit to the D.O.C. Facility.  These documents have been deemed by defendants confidential because of security, law enforcement, governmental and/or privacy interests of D.O.C., its employees, contractors and subcontractors, and inmates, except that such documents and information shall not be deemed between the parties to be "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff's counsel from sources other than defense counsel, or (b) are otherwise publicly available.[2]

2.      The Confidential Materials are for plaintiff's "attorneys' eyes" only, and does extend to the Court or its staff.  Plaintiff's attorneys, including Baree N. Fett of the law firm Harvis & Fett LLP, shall not disclose to plaintiff the Confidential Materials, or to any person not a member of the staff of its law office except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case herein.

---

[1] By entering into this Stipulation, defendants or their counsel do not waive any other objections which may exist to the production of documents defined as "Confidential Materials" herein nor do defendants or their counsel waive any objections to their admissibility.

[2] The designation of "confidential materials" is solely between the parties and does not purport to serve as a judicial finding regarding same.  Should conflicts arise between the parties regarding the "confidential material" designation, the parties will seek appropriate judicial intervention requesting that the Court make a judicial finding regarding same.

(b) Disclosure before trial may be made to a witness at deposition, but only to the extent the witness is familiar with the particular area depicted; or to the Court.

3.      Plaintiff's counsel shall not use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled case.

4.      Only three attorneys may attend the visit to the Proposed Inspection Area on behalf of plaintiff.  Their names shall be given to the defendants at least two business days before the date of the scheduled visit.

5.      The parties agree that deposition testimony concerning any "Confidential Materials" which reveals the contents of such materials shall be deemed confidential as between the parties, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials, as between the parties, within the meaning of this Stipulation and Protective Order.

6.      The parties agree that if any paper which incorporates any Confidential Materials or reveals the contents thereof is to be filed in this Court, the party must apply to the Court for permission to file under seal those portions of the papers.  The parties agree to not file any Confidential Materials with the Court unless the Court has granted permission to file such materials under seal.

7.      In addition, the parties agree that where reasonable advance notice is given by plaintiff's counsel and the parties so agree in writing, the confidential information may be used in support of a motion for summary judgment or any other dispositive motion by the parties or at a trial on the merits in this matter without being subjected to the instant Protective Order.

8.     The parties agree that if the Confidential Materials are admissible at a trial of this action, the Confidential Materials may be disclosed to any witnesses who may be called to testify about them.  The parties agree that such witness will be asked to acknowledge  either in writing or on the record, their understanding of the Protective Order and will agree to be bound by its terms.  The parties agree that if a witness refuses to be bound by the terms of this Protective Order, then such witness will not testify about Confidential Materials.

9.     The parties agree between themselves that within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs, negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions, notes, and other materials containing or referring to information derived therefrom, which is in the possession of plaintiff's counsel, shall be destroyed, and all persons who possessed such materials shall verify destruction by affidavit furnished to defendants' counsel upon request, which affidavit to include the manner and timing of its destruction, and that no copies were made and not destroyed.

10.     Plaintiff's counsel shall NOT under any circumstances inspect, photograph or draw in any fashion the following items and/or locations during the above mentioned site visit, including but not limited to: any type of key, lock, locking mechanism, keyholes, doorknobs and/or other similar equipment used to secure the doors, gates and windows; any inmate, or police or correction personnel whether in uniform or not, who are observed at the Proposed Inspection Area; and/or any blueprint or map affixed to any walls.  The plaintiff's counsel and/or anyone accompanying them may not bring or use a video camera, tape recorder, wide angle camera or cell phone.

11.   Plaintiff's counsel shall not speak to any inmate for any reason.

12.   Plaintiff's counsel shall not interview or question any DOC staff for any reason.

13.   If at anytime it appears to the defendants' counsel and/or DOC staff present during the site visit that plaintiff's counsel whether inadvertently or not, is inspecting or taking photographs or drawings of any prohibited item, area or individual described above, plaintiff's attorney will be immediately directed and expected to cease inspecting, photographing or drawing and the site inspection shall be terminated.

14.   Plaintiff's counsel shall provide the defendants' counsel with color duplicates of all photographs and/or drawings taken during the above-mentioned site visit, regardless of their quality, and shall designate in good faith such documents as "Confidential Materials" by labeling such documents "Confidential" and by designating such documents by Bates numbers in a writing directed to defendants' counsel.  Defendants reserve the right after inspection of these documents to determine whether a prohibited item, area or individual as described above, has been photographed and/or drawn by plaintiff's counsel.  Defendants' counsel will inform plaintiff's counsel of such determinations within a reasonable time frame after receipt of the photographs and drawings.  Plaintiff's counsel will, within ten (10) days after receipt of defendants' counsel's objections, respond in writing to defendants' counsel's determination concerning the photograph of the prohibited item, area or persons.  If the parties cannot resolve such matters after a good-faith effort, then the objecting party counsel may seek relief from the Court.  While the resolution of such matters is pending before the Court, the

disputed materials will be kept as "attorneys' eyes" only and will not be used in any manner until the dispute is resolved in writing.

15.     The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court.  The failure of the Court to enter this Stipulation and Order shall not void or otherwise alter the agreement between the parties.

16.     Nothing in this Stipulation and Protective Order shall be construed to limit defendants or their counsel's use of the Confidential Materials in any manner.

Dated:   New York, New York
          December 21, 2016

HARVIS & FETT LLP
Baree N. Fett
*Attorneys for plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 323-6880


By:   _____
          Baree N. Fett, Esq.

ZACHARY. W CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-216
New York, New York 10007
(212) 356-3520


By:   _____
          Ariel Lichterman, Esq.


SO ORDERED:

_____
Edgardo Ramos, U.S.D.J
Dated:  12/22/2016
New York, New York